# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CEDRIC GREENE,

        Plaintiff,

vs.

INGLEWOOD HOUSING AUTHORITY and
CINDER ELLER-KIM BELL,

        Defendants.

Case No. 2:16-cv-00996-APG-GWF

**ORDER**

Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on May 5, 2016.

## BACKGROUND

Plaintiff's complaint asserts claims of discrimination and defamation against the Defendants. Plaintiff argues that he was discriminated against because his application to transfer his Section "8" housing was denied when he was undergoing medical treatment and was not provided with an opportunity to give a statement on his behalf. In addition, Plaintiff argues that he was defamed by Defendant Cinder Eller-Kim Bell because she denied Plaintiff's application to transfer and in the denial stated that Plaintiff falsified answers and lied to the government.

## DISCUSSION

**I.    Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

### III.   Instant Complaint

#### a.   Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction.  *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits.  *See* U.S. Const. art. III, § 2, cl. 1.  Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The burden of proving jurisdiction rests on the party asserting jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936).  Plaintiff does not state the grounds for the Court's jurisdiction in his complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

. . .

### b. Personal Jurisdiction

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. Academeyone, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  Under *International Shoe*, personal jurisdiction over a defendant may be established by showing that it has such continuous and systematic contacts with the forum that it is generally subject to suit in the jurisdiction ("general jurisdiction"), or by showing that the defendant has sufficient minimum contacts with the forum arising out of, or relating to the transaction that is the subject matter of the litigation ("specific jurisdiction"). *CollegeSource*, 653 F.3d at 1074–76.

A plaintiff must overcome a "fairly high" standard to establish general jurisdiction. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.1986).  A defendant's contacts must "be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*  Specific jurisdiction is analyzed under a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *CollegeSource*, 653 F.3d at 1076. Plaintiff does not allege that any of the Defendants are subject to general jurisdiction in Nevada. Nor does he argue that the Court has specific personal jurisdiction over the Defendants.

### c. Venue

The Court also may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488

(9th Cir. 1986). The following factors govern proper venue for an action:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a matter does not adhere to any of § 1391's provisions, the matter may be subject to transfer or dismissal under 28 U.S.C. § 1406(a). The district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, the Court finds that Nevada is not the proper venue for this case. Plaintiff does not allege that Defendants reside or are located in Nevada as required under § 1391(b)(1). Defendants, and Plaintiff, are all residents of California. Second, Plaintiff does not establish that a substantial part of the events underlying his allegations occurred in Nevada as required under § 1391(b)(2)—all events occurred in California. Finally, Plaintiff's claims do not invoke the venue provisions under § 1391(b)(3). Rather, Plaintiff's complaint asks the Court to "accept the filing of the case and any outstanding venue matters will be addressed by Greene as they come into question." *Complaint* (ECF No. 1-1), 2:1-2. This is because Plaintiff does not believe he will receive a fair hearing in California. *Id.* at pg. 1. This issue of venue comes into question at the outset of a case, so the time for Plaintiff to properly allege venue would have been in his initial complaint—which he did not do. Plaintiff's concerns regarding fairness should be raised before the appropriate court in California. Moreover, even if the Court were inclined to find that venue was proper in this district, Plaintiff's complaint still suffers from the jurisdictional deficiencies discussed above.

Because Plaintiff fails to allege that this Court has subject matter jurisdiction over his claims, personal jurisdiction over the Defendants, or that this district is the proper venue for his complaint, the Court will dismiss Plaintiff's complaint without prejudice. While it is unlikely that Plaintiff can cure the deficiencies contained in his complaint, the Court cannot say for certain that he cannot. Therefore, the Court will grant Plaintiff leave to amend his complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 24, 2017** to file an amended complaint correcting the noted deficiencies.

DATED this 24th day of January, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge